IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CLEVELAND BRANDON,**

    Petitioner,

v.                                                      Civil Action No. 3:16cv142
                                                        (GROH)

**DAVID R. WILSON, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On October 11, 2016, the Petitioner, Cleveland Brandon ("Brandon"), an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his sentence, imposed in the United States District Court for the District of Massachusetts. ECF No. 1. Along with his petition, Brandon filed a motion to proceed as a pauper and a motion to exceed the page limits. ECF Nos. 2 & 3. The Clerk of Court issued a Notice of Deficient Pleading the same day. ECF No. 4. On October 21, 2016, Brandon paid the five dollar filing fee. ECF No. 7.

By Order entered On October 31, 2016, the undersigned granted Brandon's motion to exceed the page limit. ECF No. 8. Further, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the Respondent. ECF No. 9.

On November 16, 2016, the Respondent filed a Motion to Dismiss and Response to Order to Show Cause with a memorandum in support. ECF Nos. 11 & 12. Because Brandon was proceeding *pro se*, a Roseboro Notice was issued on November 21, 2016. ECF No. 13. On

November 30, 2016, Brandon filed a response in opposition styled as "Brandon Responds to the Warden's Red-Herring Answer to his § 2241 Roseboro Notice."

This matter is pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## II. Factual and Procedural History[1]

### A. Conviction and Sentence

On December 2, 2009 in the District of Massachusetts, Brandon was charged in a one-count indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On December 13, 2010, Brandon entered a plea to the charge. On April 4, 2011, Brandon was sentenced under the Armed Career Criminal Act ("ACCA") to 180 months imprisonment to be followed by 3 years supervised release.

### B. Direct Appeal

Brandon did not file a direct appeal.

### C. Motion to Vacate Under 28 U.S.C. § 2255

On April 18, 2016, Brandon filed a Motion to Vacate under 28 U.S.C. § 2255, arguing that under Johnson v. United States,[2] certain of his predicate offenses were exempted from contributing to an ACCA sentence enhancement. A Report and Recommendation ("R&R") was entered in the matter on July 5, 2016, finding that Johnson was inapplicable because it applied only to the ACCA's unconstitutionally vague residual clause, and Brandon was not sentenced

---

[1] The information contained in this section is taken from Petitioner's criminal docket in the United States District Court for the District of Massachusetts, Criminal Case No. 1:09cr10377, available on PACER, and in particular, the July 5, 2016 R&R [ECF No. 33] with respect to Brandon's § 2255 Motion. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009)(courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. V. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[2] Johnson v. United States, 135 S.Ct. 2551 (2015).

under the residual clause. Rather, Brandon's predicate convictions were six serious drug offenses:

> (1) a June 14, 1995 plea of guilty in Massachusetts Superior Court (Plymouth County) to distribution of a Class A controlled substance, heroin, based on conduct that occurred in Brockton, Massachusetts on or about October 11, 1991; (2) another June 14, 1995 plea of guilty in Massachusetts Superior Court (Plymouth County) to distribution of a Class A controlled substance, heroin, based on conduct that occurred in Brockton on or about July 9, 1993; (3) an October 3, 1995 admission to sufficient facts and a guilty finding in the Massachusetts District Court Department (Brockton Division) to distribution of a Class A controlled substance, heroin, based on conduct that occurred in Brockton on or about June 11, 1992; (4) another October 3, 1995 admission to sufficient facts and a guilty finding in the same court to distribution of a Class A controlled substance, heroin, based on conduct that occurred in Brockton on or about July 20, 1992; (5) an October 29, 1998 plea of guilty in the Massachusetts District Court Department (Taunton Division) to distribution of a Class B controlled substance, cocaine, based on conduct that occurred in Taunton, Massachusetts on or about June 3, 1998; and (6) a February 26, 2003 plea of guilty in Massachusetts Superior Court (Bristol County) to distribution of a Class B controlled substance, cocaine, cocaine, based on conduct that occurred in Taunton on or about February 28, 2001 and March 2, 2001. (PSR, pp. 8-10, 15, 17-19).

(D. Mass. ECF No. 33 at 4 – 5)(1:09cr10377). By Order entered August 16, 2016, the R&R was adopted and the § 2255 Motion to Vacate was denied. Brandon did not appeal.

### III. Contentions of the Parties
**A. The Petition**

In his pending petition, Brandon alleges that under the United States Supreme Court's recent decision in <u>Mathis v. United States</u>,[3] his ACCA enhancement must be vacated. ECF No. 1 at 5. More specifically, he argues that until <u>Mathis</u> was decided, the First Circuit found no significance between the means of the prior conviction and the elements of that prior crime. He contends that under <u>Mathis</u>, his serious drug offenses do not qualify as ACCA predicates, because 1) a prior conviction can only qualify as ACCA predicate if its elements are the same as, or narrower than those of the ACCA offense; 2) elements are those facts that the jury must find

---
[3] <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016).

unanimously beyond a reasonable doubt; and 3) the requirement of an elemental match applies to a statute listing alternative means of satisfying an element. Mathis at 2248.

As relief, he requests that his "unlawful" ACCA sentence be vacated and that he be resentenced "to the corrected Guidelines range." Id. at 8.

He asserts that the reason his remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention is because at the time of his sentencing and his § 2255 motion, the law prevented him from making these claims. Id. at 9.

**B. Respondent's Motion to Dismiss**

Respondent contends that the petition should be dismissed because

1) the petition is actually a mislabeled § 2255 petition [ECF No. 12 at 1 – 2];

2) Petitioner cannot challenge the legality of his sentence under 28 U.S.C. § 2241 [id. at 2];

3) Petitioner neither challenges his underlying conviction nor does he assert that he is actually innocent of possessing a firearm and ammunition. Id. at 3.

4) The petition fails to demonstrate that § 2255 is inadequate or ineffective to address his claims [id. at 2 – 3]; and

5) Fourth Circuit law has not extended the reach of the savings clause to petitioners challenging only innocence of a sentencing factor. Id. at 3.

**C. Brandon's Response in Opposition**

Brandon reiterates his arguments and attempts to refute the Respondent's arguments on the same, noting that the Respondent failed to address his Mathis argument. ECF No. 15 at 3. In support of his argument that he is being illegally detained, he cites Hill v. Masters,[4] United States v. Surratt,[5] and Descamps v. United States.[6] Id. at 1 – 4.

---

[4] Hill v. Masters, 836 F.3d 591 (6th Cir. 2016).

[5] United States v. Surratt, 797 F.3d 240 (4th Cir. 2015) *reh'g en banc granted.*

## IV. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45 - 46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to

---

[6] Descamps v. United States, 133 S.Ct. 2276 (2013).

survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

As a *pro se* litigant, Brandon's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and/or sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

> entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions[7] of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In his pending petition, Brandon argues that he is entitled to be resentenced without the ACCA enhancement because since the Mathis decision "he no longer has any serious drug crimes for purposes of the ACCA." ECF 1-1 at 2. Further, he makes an unclear argument that appears to attempt to assert that Mathis is new rule of substantive law, and therefore, there is no

---

[7] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255; see Jones, 226 F.3d at 330.

concern regarding retroactivity. Id. at 9. Liberally construed, the undersigned presumes that Brandon is arguing that Mathis is new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, granting him relief under the § 2255 savings clause.

In order to raise claims under § 2241, a petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[8] The remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in Jones, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. Here, Brandon does not even attempt to argue that he is imprisoned for an offense which is no longer a crime. Rather, he merely argues that he is entitled to have his sentence recalculated without the ACCA enhancement, because, after Mathis, his predicate offenses no longer qualify.

As an initial point, Brandon's reliance on Mathis is unavailing. In Mathis, the Supreme Court unequivocally stated that it was not announcing a new rule and that its decision was dictated by decades of prior precedent:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

---

[8] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ("A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

136 S. Ct. at 2257. Accordingly, Mathis did not announce a new rule and courts applying it have repeatedly agreed. See, e.g., Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016) (concluding Mathis did not announce a new rule that would permit the filing of a second or successive habeas petition); Dimott v. United States, Nos. 2:06-cr-26- GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3 (Oct. 14, 2016) ("Mathis has not been recognized as a case that announced a new substantive rule that is retroactively applicable to cases on collateral review. The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule."); see also United States v. Taylor, 2016 U.S. App. LEXIS 21701, at *11, 2016 WL 7093905 (10th Cir. Dec. 6, 2016).

With respect to Brandon's claim that he was improperly sentenced under the ACCA, Brandon cannot show any way in which his case meets the In re Jones standard to proceed under § 2241. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." This statement has not been extended to include sentencing calculations made pursuant to the United States Sentencing Guidelines. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); see also United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." (*citing* In re Jones, 226 F.3d at 333-34)). "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012 WL 509852 (N.D.

W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Here, Brandon cannot establish that the conduct for which he was actually convicted, being a felon in possession of a firearm and ammunition, is no longer criminal. See In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. See, e.g., James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases); see also Cooper v. Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

Accordingly, relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that Brandon has failed to state a cognizable § 2241 claim. See also Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006): Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the

type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D. W.Va. May 1, 2012).

Finally, Brandon's reliance on Surratt and Descamps are also unavailing.

On December 2, 2015, the United States Court of Appeals for the Fourth Circuit issued an order granting rehearing *en banc* in Surratt. The grant of rehearing vacated the original panel's decision. See 4th Cir. R. 35(c).

Further, Descamps is not retroactively applicable cases on collateral review; it is inapplicable to judgments and sentences like Brandon's that became final before it was decided. See, *e.g.,* Groves v. United States, 755 F.3d 588, 593 (7th Cir.), cert. denied, 135 S. Ct. 501 (2014); Whittaker v. Chandler, 574 F. App'x 448, 449 (5th Cir. 2014) (per curiam) (unpublished); United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014) (unpublished); Hooker v. United States, No. 5:02CR28-01, 2015 WL 366435, at *3 (N.D. W. Va. Jan. 26, 2015) (collecting cases and concurring with those federal courts of appeals that have concluded "that Descamps should not be applied retroactively").

Accordingly, the undersigned finds that 28 U.S.C. § 2255 is not inadequate or ineffective to test the legality of the Petitioner's detention. Therefore, because Brandon cannot satisfy the savings clause of § 2255(e), his 28 U.S.C. § 2241 petition must be dismissed.

## VI. Recommendation

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 11] be **GRANTED,** the petition [ECF No. 1] be **DENIED** and this matter **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

DATED: January 30, 2017

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE