**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CLEVELAND BRANDON,**

    Petitioner,

v.                                                  **CIVIL ACTION NO.: 3:16-CV-142
(GROH)**

**DAVID R. WILSON, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

    This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of an R&R. On January 30, 2017, Magistrate Judge Seibert issued his R&R, recommending that this Court grant the Respondent's motion to dismiss and deny and dismiss with prejudice the Petitioner's 28 U.S.C. § 2241 petition.

    Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, pursuant to 28 U.S.C.

§ 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Seibert's R&R were due within fourteen days after being served with a copy of the same. The Petitioner was served with the R&R on February 2, 2017, and timely filed objections. Accordingly, this Court will review *de novo* those portions of the R&R to which the Petitioner objects and the remainder of the R&R for clear error.

In the R&R, the magistrate judge found that because the Petitioner did not meet any of the Jones requirements, he could not utilize § 2241—rather than § 2255—to challenge his sentencing enhancement under the Armed Career Criminal Act ("ACCA"). See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In his objections, the Petitioner argues that his claim should survive the Respondent's motion to dismiss because he demonstrated that his previous drug offenses are no longer considered "serious" for the purpose of ACCA enhancement. However, this objection is immaterial. Regardless of whether or not the Petitioner's sentencing enhancement is valid, he has not demonstrated that a motion under § 2255 is inadequate or ineffective to assert his claims. See Petty v. O'Brien, Civil Action No. 1:11CV9, 2012 WL 509852, at *2 (N.D. W. Va. Feb. 15, 2012). Accordingly, the Court **OVERRULES** the Petitioner's first objection.

Additionally, the Petitioner objects to the R&R insofar as the magistrate judge construed his petition to argue that Mathis v. United States, 136 S. Ct. 2243 (2016), announced a new rule of substantive law. The Petitioner contends that Mathis did not declare a new rule, but rather elucidated an old rule, making its holding retroactive. However, the Supreme Court's decision in Mathis is irrelevant to determine whether or not the Petitioner may assert his claim under § 2241. His reliance on Mathis does not aid him in fulfilling the Jones requirements, which is a necessary prerequisite to demonstrate

that relief under § 2241, through § 2255(e)'s savings clause, is appropriate. Therefore, the Court **OVERRULES** the Petitioner's second objection.

Upon review of the entire record, and finding no error, the Court **ORDERS** that Magistrate Judge Seibert's Report and Recommendation [ECF No. 16] should be, and is, hereby **ADOPTED** for the reasons more fully stated therein. The Court **GRANTS** the Respondent's motion to dismiss [ECF No. 11] and **DENIES** and **DISMISSES WITH PREJUDICE** the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1].

Because the instant petition seeks relief pursuant to § 2241, the Court makes no certificate of appealability determination in this matter.

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the Respondent, remove this case from the Court's active docket and transmit a copy of this Order to the *pro se* Petitioner.

**DATED:** February 22, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE